IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE: **EDGARDO RIVERA RIVERA**
SSN xxx-xx-2493

Debtor(s)

CASE NO: **20-00792-BKT**

Chapter 13

## TRUSTEE'S OBJECTION TO PROPOSED PLAN CONFIRMATION UNDER SECTION 1325

**\*ATTORNEY FEES AS PER R 2016(b) STATEMENT:**

Attorney of Record: **ROBERTO FIGUEROA CARRASQUILLO\***

Total Agreed: **$4,000.00**   Paid Pre-Petition: **$232.00**   Outstanding (Through the Plan): **$3,768.00**

**\*TRUSTEE'S POSITION RE CONFIRMATION UNDER U.S.C. §1325**

**Debtor's/s' Commitment Period:** ☐ Under Median Income 36 months ☑ Above Median Income 60 months §1325(b)(1)(B)
☐ The Trustee cannot determine debtor's/s' commitment period at this time.   Projected Disposable Income: **$0.00**

**Liquidation Value: $0.00**   Estimated Priority Debt: $0.00

If the estate were liquidated under Chapter 7, nonpriority unsecured claims would be paid approximately $0.00

With respect to the (amended) Plan date: **Feb 18, 2020 (Dkt 3)**   **Plan Base: $10,260.00**

**The Trustee:**   ☐ **DOES NOT OBJECT**   ☑ **OBJECTS** Plan Confirmation   Gen. Uns. Approx. Dist.: 15 %

The Trustee objects to confirmation for the following reasons:

**[1325(a)(8)] DSO Payment Default** – Debtor(s) is in default with post-petition DSO payments.

Debtor has failed to submit evidence of being current with post petition Domestic Support Obligation payments. Debtor must continue to submit evidence of being up to date with such obligation until the confirmation of the plan. He has submitted evidence of being current until April 2020.

**[1325(b)(1)(B)] Projected Disposable Income** – Debtor(s) fails to apply projected disposable income, to be received during applicable commitment period, to make payments to unsecured creditors under the plan. [1322(a)(1)]

Per evidence submitted, Debtor's average monthly gross income for the six months prior to the filing of the bankruptcy is $2,781.29, which is higher than the amount listed in the Chapter 13 Statement of Monthly Income and Calculation of Commitment Period and Projected Disposable Income ("Means Test"). Furthermore, Debtor took vehicle ownership deduction for two vehicles, when he is not paying a car loan or lease. Projected Disposable Income cannot be determined at this time.

Debtor failed to consider any performance bonus in Schedule I or the Plan. Per evidence submitted, Debtor received a $2,010.00 performance bonus in December 2020. Debtor must inform how many performance bonuses he receives per year and inform the amounts of the performance bonuses received in the past five years.

**\*OTHER COMMENTS / OBJECTIONS**

NONE.

**CERTIFICATE OF SERVICE**: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(S), and to her/his/their attorney throught CM-ECF notification

/s/ Jose R. Carrion, Esq.
**CHAPTER 13 TRUSTEE**
PO Box 9023884, San Juan PR 00902-3884
Tel. (787)977-3535 Fax (787)977-3550

Date: July 02, 2020

/s/ Alexandra Rodriguez, Esq.

Last Docket Verified: 18    Last Claim Verified: 8    CMC: MR